**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricardo Longoria,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro; et al.,<br><br>　　　　Respondents. | No. CIV 07-1957-PHX-JWS (GEE)<br><br>**REPORT AND RECOMMENDATION** |

　　　　On October 11, 2007, Ricardo Longoria., an inmate confined in the Arizona State Prison Complex in Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. He filed an amended petition on January 22, 2008. [doc. #4] He challenges the voluntariness of his guilty plea and various aspects of his current incarceration.

　　　　Pending before the court is a motion to dismiss filed by the respondents on June 3, 2008. [doc. # 12] The respondents argue the petition must be dismissed because it is a "second or successive" petition and Longoria has not obtained prior permission from the Ninth Circuit to file the petition pursuant to 28 U.S.C. § 2244(b)(3). Longoria filed a response on June 18, 2008.

　　　　Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation.

1  The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order permitting the petitioner to amend his petition and, if he fails to do so, dismissing the petition as "second or successive."

### Summary of the Case

On September 29, 2000, Longoria pleaded guilty in Gila County Superior Court to two counts of escape in the first degree, theft of means of transportation, armed robbery, kidnapping, and aggravated assault in consolidated actions CR 99-711, CR 99-724 and CR 00-121. (Respondents' motion, p. 2.) The trial court imposed a sentence of incarceration totaling 29.5 years. *Id.* There was some disagreement as to the proper running of the various sentences, and the trial court issued an order clarifying the sentence on May 25, 2001. *Id.*, Exhibit B. The sentences imposed in action CR 99-711 (escape and theft of means of transportation) and action CR 00-121 (escape) were to run concurrent to each other and concurrent to the sentence imposed in a previous case, CR 99-712. *Id.*, Exhibits A, B. The sentence for action CR 99-724 (armed robbery, kidnaping, and aggravated assault) was to run consecutive to the other sentences (CR 99-711, CR 99-712, and CR 00-121). *Id.*, Exhibit B.

On June 4, 2001, Longoria filed a pro se petition for post-conviction relief arguing his plea was coerced and his sentence was improper. *Id.* The trial court denied the petition summarily. *Id.* The Arizona Court of Appeals reversed in part and remanded for a hearing on the coercion claim. *Id.*, p. 3.

On June 28, 2002, the trial court conducted an evidentiary hearing on the coercion issue. *Id.* The trial court subsequently denied the petition on August 15, 2002. *Id.* On October 28, 2003, the court of appeals issued an order granting review but denying relief. *Id.*

Previously, in July of 2003, Longoria's conviction in CR 99-712 was set aside because perjured testimony was presented at trial. (Amended petition, Exhibit A.) In February of 2004, Longoria filed a notice of post-conviction relief. *Id.* In his petition, Longoria argued, inter alia, he never would have pleaded guilty if he had not already been convicted in CR 99-712.

- 2 -

1  *Id.* After a hearing, the trial court denied the petition. *Id.* On June 27, 2007, the Arizona Court
2  of Appeals issued an order granting review but denying relief. *Id.*

3  Previously, on March 16, 2004, Longoria filed his first petition for writ of habeas corpus
4  in this court, CIV 04-521-PHX-JWS. (Respondents' answer, p. 3.) He claimed (1) his plea was
5  coerced because the prosecutor threatened to prosecute his girlfriend for perjury, (2) he was
6  induced to accept the plea by an oral promise that he would be allowed a contact visit with his
7  girlfriend, and (3) he was denied the opportunity to adequately prepare for the evidentiary
8  hearing held on June 28, 2002. CIV 04-521-PHX-JWS, doc. # 18. On December 8, 2006, this
9  court denied the petition on the merits. (Respondents' answer, p. 3.)

10  Longoria filed his second petition in this court on October 11, 2007. He filed the instant
11  amended petition on January 22, 2008. He claims (1) his sentence was in excess of the plea
12  agreement, (2) his plea was coerced by the prosecutor's threat to charge his girlfriend with
13  perjury, (3) he signed the plea relying on the prosecutor's promise of a contact visit with his
14  mother, brother, and girlfriend, (4) he was denied the opportunity to withdraw from the plea
15  when the trial court gave him a sentence in excess of the plea agreement, (5) he is still serving
16  time pursuant to CR 99-712 even after this conviction was vacated, and (6) he would not have
17  pleaded guilty but for his conviction in CR 99-712. (Amended petition.)

18  On June 3, 2008, the respondents filed the instant motion to dismiss. [doc. # 12] They
19  argue the petition must be dismissed because it is a "second or successive" petition and
20  Longoria has not obtained prior permission from the Ninth Circuit pursuant to 28 U.S.C. §
21  2244(b)(3). Longoria filed a response.

23  Discussion

24  The writ of habeas corpus affords relief to persons in custody in violation of the
25  Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. The rules generally
26  permit only one petition per conviction. *See* 28 U.S.C. § 2244. A petitioner may bring a
27  "second or successive" petition but only under certain specific narrowly-drawn circumstances.
28  *See* 28 U.S.C. § 2244(b)(2). Before a "second or successive" petition may be filed in the district

- 3 -

court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  If the petition has not been vetted by the court of appeals, the district court is "without jurisdiction to entertain it." *Burton v. Stewart*, 549 U.S. 147 (2007).

A second petition does not require prior authorization pursuant to § 2244(b)(3)(A) if it challenges a different judgment. *Hardemon v. Quarterman*, 516 F.3d 272, 276 (5th Cir. 2008); *Beyer v. Litscher*, 306 F.3d 504, 507-08 (7th Cir. 2002); *See also Burton v. Stewart*, 549 U.S. 147 (2007) (Second petition was subject to § 2244(b) bar, in part, because it challenged the same judgment challenged in the first petition.).

In this case, Longoria has already filed a petition in this court challenging his conviction in cases CR 99-711, CR 99-724, and CR 00-121.  The instant petition challenges the same conviction and is a "second or successive" petition.  Longoria has not obtained the necessary authorization from the court of appeals.  Accordingly, this court is without jurisdiction over the petition.  In its present form, it must be dismissed.

In his fifth claim, Longoria argues he is still serving time for his CR 99-714 conviction even after it has been overturned.  This claim pertains to his CR 99-714 conviction and is not subject to the "second or successive" bar.  If Longoria believes it is in his best interests, he may avoid dismissal, at least for the moment, by amending his petition to eliminate claims 1, 2, 3, 4, and 6.  *See, e.g., U.S. v. Winestock*, 340 F.3d 200, 205-06 (4th Cir. 2003) ("[A] district court that receives [a mixed] application should afford the prisoner the choice of seeking authorization from the court of appeals for his second or successive claims, or of amending his petition to delete those claims so he can proceed with the claims that require no authorization.") (punctuation omitted), *cert. denied*, 540 U.S. 995 (2003); *Pennington v. Norris*, 257 F.3d 857, 859 (8th Cir. 2001) (same).  The court expresses no opinion as to whether claim 5 is time-barred, unexhausted, or otherwise subject to dismissal.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order holding the pending motion in abeyance for two weeks and allowing the petitioner, if he so chooses, to file an amended petition containing only claim 5. If the petitioner fails to file a timely amended petition, the District Court should enter an order granting the motion to dismiss the petition for writ of habeas corpus because it has not been vetted pursuant to 28 U.S.C. § 2244(b). [doc. #12]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 2nd day of July, 2008.

_____
Glenda E. Edmonds
United States Magistrate Judge